**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:05CV259-3-V**
**(3:98CR68-2-V)**

| | |
|---|---|
| **PAUL HOLLAND COCKERAN,** )<br><br>    **Petitioner,** )<br><br>       **v.** )<br><br>**UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br>_____ ) | **O R D E R** |

       **THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 6, 2005, (Document No. 1).

       A review of the record reflects that on May 14, 1998, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base. This Court sentenced Defendant on October 1, 1999 to a term of 210 months imprisonment plus five years supervised release. Judgment was entered November 5, 1999 and Petitioner did not appeal. Petitioner filed the instant § 2255 motion on October 6, 2005, six years after he was sentenced.

       In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

       A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

       (1) the date on which the judgment of conviction becomes final;

       (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on October 1, 1999 and judgment was entered on November 5, 1999. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around November 15, 1999. Therefore Petitioner had until November 15, 2000 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until October 6, 2005 – that is, almost five years after the expiration of the limitations period.

Prior to early 2002, federal district courts routinely dismissed habeas petitions which – like this one – appeared on their face to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se petition to be untimely and the [government] has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . "

Consequently, this Court now shall give the Petitioner twenty (20) days in which to file a document explaining why this Petition should be construed as timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1) Within twenty (20) days of the date of this Order, the Petitioner shall file a document,

explaining why the instant petition should be construed as timely filed.

2. The Clerk shall send a copy of this Order to the Petitioner.

**Signed: October 12, 2005**

Richard L. Voorhees
United States District Judge